UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.  CASE NO. 3:89-cr-202-J-20TEM

IGNATZIO GIULIANO

## REPORT AND RECOMMENDATION[1]

Defendant Giuliano (hereinafter referred to as "Petitioner" or "Giuliano" has filed a Motion to Vacate Judgment Pursuant to Federal Rule's Civil Procedure Rule 60(b)(4) (Doc. #1435, Motion to Vacate). The Motion to Vacate has been referred to the undersigned for consideration and recommendation to the District Court. Finding that no response by the United States is necessary, the Court has reviewed the matter and will recommend that the motion be dismissed for the reasons listed below.

First, the Eleventh Circuit has held that the Federal Rules of Civil Procedure "unambiguously" limit their application to civil cases. *United States v. Mosavi*, 138 F.3d 1365 (11th Cir. 1998); *United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003). Giuliano has filed this motion in the criminal case in which he was sentenced; thus no relief may be granted on a *civil* procedure rule.

Second, even if the Court could look beyond the improper claim of jurisdiction, the underlying basis for the motion lacks merit. Guiliano relies on the Supreme Court decision

---

[1]Within fourteen (14) days after service of this document, specific, written objections may be filed in accordance with 28 U.S.C. § 636, Rule 59, Federal Rules of Criminal Procedure, and Rule 6.02, Local Rules, United States District Court, Middle District of Florida. Failure to file a timely objection waives a party's right to review. Fed. R. Crim. P. 59.

in *Carachuri-Rosendo v. Holder*, \_\_\_\_\_ U.S. \_\_\_\_\_, 130 S.Ct. 2577 (2010), in which the Court held, under the Immigration and Nationality Act, Section 240A, that a second conviction for simple drug possession under Texas law did not qualify as an "aggravated felony." Petitioner argues that the *Carachuri-Rosendo* decision "effectively changed" the criteria for what constitutes a valid prior "predicate offense" triggering a career criminal enhancement under Section 4B1.1 of the Sentencing Guidelines. Guiliano claims the prior convictions that were used to enhance his sentence under Section 4B1.1 of the Guidelines were: (1) a 1979 conviction of simple possession of five (5) grams of marijuana; and (2) a 1979 conviction for delivery of marijuana and cocaine. He argues that the simple possession conviction does not meet the criteria of "violent or aggressive" felony and cannot be a predicate offense for a career offender enhancement.

Guiliano, however, was not sentenced under Section 4B1.1. Guiliano was sentenced to imprisonment based upon an Information to Establish Prior Convictions filed pursuant to Title 21, United States Code, Section 851 (filed March 4, 1999). Title 21, United States Code, Section 841(b)(1)(A), specifies that a person convicted of a qualified drug offense, who already has two prior controlled substance felony convictions, shall be sentenced to a mandatory term of life imprisonment. Section 851 requires the United States to file an information to establish the necessary two prior convictions. The Information filed against Guiliano first listed that he had been convicted on March 22, 1979, for delivery of cannabis in excess of 100 pounds and delivery of cocaine (based on a 1977 charge). The information also listed that he had been convicted on April 27, 1979, of

possession of cannabis in excess of five (5) grams (based on a 1977 charge)[2]. According to the pre-sentence report for the April conviction, seventy-five (75) pounds of marijuana were found (during the execution of a search warrant at Guiliano's home). He received a fifteen (15) year sentence on the March 1979 conviction and a consecutive five year sentence on the April conviction. Both convictions were for felony offenses[3]. Title 18, United States Code, Section 3559 defines any offense punishable by more than one year in jail as a felony.

The Information filed by the United States was contested by Guiliano in a Notice filed September 30, 1991, and at the sentencing hearing on November 4, 1991. That contest was based on two legal claims concerning whether the state charges were filed by information or indictment, and whether vindictiveness was involved in the filing of the charges. At that point, Guiliano did not challenge the sentence on the basis the two convictions were not felonies. Indeed, defense counsel admitted in response to questions from the sentencing judge that the claim of the convictions was accurate and that the pre-sentence report was factually accurate. (Doc. #1132, Sentencing Transcript at 6.)

The judge found that the Section 851 enhancement applied and accordingly sentenced Defendant to a mandatory life term of imprisonment (Sentencing Transcript at 12). Under Section 851(b), any challenge to a prior conviction must be raised before sentence is imposed "and may not thereafter be raised to attack the sentence."

---

[2]Florida Statutes, Section 893.13(1)(f) (1977) provided that possession of no more than five (5) grams of cannabis would be a first degree misdemeanor. Defendant was charged with "in excess of five (5) grams;" being a felony.

[3]The Presentence Report indicates Defendant has two other felony drug convictions in 1978 and 1980, but those convictions were not relied upon in the Information.

Thus, the question of whether any offense was a predicate offense under Section 4B1.1 of the guidelines is irrelevant to this case[4]. Petitioner was sentenced pursuant to a mandatory provision of Title 18, United States Code, Sections 841(b)(1)(A) and 851.[5]

The Court will note that although the Petitioner filed the Motion to Vacate under Rule 60(b) of the Federal Rules of Civil Procedure, he would not be entitled to relief even if the Court were to construe the claim under Title 28, United States Code, Section 2255. Guiliano previously filed a Section 2255 Petition, which was dismissed by the United States Court of Appeals in 1999 (Doc. #1383). Subsequently, the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 prohibits a second Section 2255 Petition unless authorized by the Court of Appeals. In 2009, Petitioner filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582 to reduce his sentence based on amendments to the sentencing guidelines (Doc. #1421), which the Court denied (Doc. #1423). The Court also denied Petitioner's Motion for Leave to Appeal *In Forma Pauperis*, noting that a change in sentencing guidelines would not effect his sentence (Doc. #1427).

For these reasons, the Court recommends that the Motion to Vacate Judgment Pursuant to Federal Rule's (sic) Civil Procedure Rule 60(b)(4) (Doc. #1435) be **DENIED**.

---

[4] The Court need not reach the question of whether *Carachuri-Rosendo, supra*, would apply to someone sentenced under Section 4B1.1 of the Guidelines.

[5] Defendant appealed the application of Section 851 in his direct appeal on a claim the state had filed the charges by information rather than indictment, but the Eleventh Circuit rejected his claim. Opinion issued December 3, 1993, in No. 91-4135.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of June, 2011

*[signature]*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Asst. U.S. Attorney (Taylor)
Ignatzio Giuliano, *Pro se*